UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
SKYLINE STEEL, L.L.C.,        :
        :
        Plaintiff,        :        13-CV-8171 (JMF)
        :
        -v-        :        MEMORANDUM OPINION
        :        AND ORDER
PILEPRO, L.L.C.,        :
        :
        Defendant.        :
        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/28/2015

JESSE M. FURMAN, United States District Judge:

      There are now pending in this contentious patent litigation between Plaintiff Skyline Steel, LLC ("Skyline") and Defendant PilePro, LLC ("PilePro"), familiarity with which is assumed, a total of seven motions. This Memorandum Opinion and Order addresses one: PilePro's application to this Court, filed on January 6, 2015, requesting that the Court issue a Letter of Request for International Judicial Assistance (a "Letter of Request") pursuant to Article 1 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, *reprinted in* 28 U.S.C. § 1781 (the "Hague Evidence Convention"). (Docket No. 186). For the reasons that follow, PilePro's request is DENIED.

      Article 1 of the Hague Evidence Convention provides that a judicial authority in one contracting state "may" forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence. 28 U.S.T. 2555; *see Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa* ("*Aerospatiale*"), 482 U.S. 522, 535 (1987). As the plain language of the Convention indicates, and as the Supreme Court has held, the Convention's procedures should be viewed "as a supplementary measure," *Bodner v. Paribas*, 202 F.R.D. 370, 374 (E.D.N.Y. 2000), setting forth "optional," "not mandatory" methods for discovery

"available whenever they will facilitate the gathering of evidence by the means authorized in the Convention," *Aerospatiale*, 482 U.S. at 541.  The party seeking discovery through the Convention "bears the burden of demonstrating that proceeding in that manner is necessary and appropriate." *Metso Minerals Inc. v. Powerscreen Int'l Distribution Ltd.*, No. 06-CV-1446 (ADS) (ETB), 2007 WL 1875560, at *2 (E.D.N.Y. June 25, 2007) (internal quotation marks omitted).  "[I]n determining whether to employ Hague Convention means or allow other procedures, a court must look to such factors as considerations of comity, the relative interests of the parties including the interest in avoiding abusive discovery, and the ease and efficiency of alternative formats for discovery." *Madanes v. Madanes*, 199 F.R.D. 135, 141 (S.D.N.Y. 2001).

Here, PilePro seeks a Letter of Request to enable it to inspect ArcelorMittal's manufacturing facility in Luxembourg — the facility that produces the products (the "HZM System") for which Skyline seeks summary judgment against PilePro based on non-infringement (Docket No. 102) — on the ground that PilePro's observation of the manufacturing process is relevant to its defense against Skyline's motion.  (*See* Docket No. 186 ("PilePro's Application") 1-2).  Specifically, it contends that because the '543 Patent owned by PilePro covers a specific manufacturing process involving shape-cutting of interlocks, and "Skyline admits that the HZM System" — or, at least, parts of the HZM system (*see* Docket No. 189 ("Skyline's Opp'n") 4-5) — "features shape-cut interlocks . . . PilePro has at least preliminary knowledge about a weakness in Skyline's non-infringement argument" warranting further inquiry into the HZM System's manufacturing process (Docket No. 194 ("PilePro's Reply") 2).

The Court has serious doubts about whether the discovery sought by PilePro could, in fact, ever lead to the discovery of non-cumulative evidence relevant to its defense against Skyline's non-infringement claim — doubts succinctly expressed by Skyline in its opposition to PilePro's request.  (*See* Skyline's Opp'n 1-6).  Nevertheless, it need not address that issue because there is an

independent and adequate ground for denying PilePro's application: the fact that PilePro waited more than eight months to file it. As early as April 2014, in opposing Skyline's first request for expedited summary judgment briefing on its claim of non-infringement, PilePro indicated that the issue would "necessarily require third party discovery from ArcelorMittal," including "[s]ite visits," and that it intended to pursue such discovery under the Hague Convention. (Docket No. 22 ("PilePro's Apr. 8, 2013 Ltr.") 4). Nevertheless, over five months later, in a hearing before the Court, counsel for Skyline observed — correctly — that PilePro had "not taken a single step" toward pursuing discovery under the Hague Convention. (Sept. 23, 2014 Hr'g Tr. (Docket No. 89) at 70:18-22). In response, the Court underscored the initial fact discovery deadline of March 27, 2015, and admonished PilePro for its delays in pursuing discovery. (*Id.* at 70:12-14; 73:5-74:5). The Court indicated in no uncertain terms that PilePro was "not entitled to sit on [its] hands" and that if, having effectively done so, PilePro did not "have enough time to take whatever discovery [it] need[ed], whether that [was] in Europe or otherwise," it was "not necessarily going to get any more time." (*Id.* at 73:21-74:4; *see also id.* at 77:4-5). Even then, however, PilePro waited another three and a half months to file the present motion.

PilePro has offered no reason for why it waited until now — through an application fully briefed only two months before the close of fact discovery — to seek discovery under a procedure that the Supreme Court has noted is often "unduly time consuming and expensive." *Aerospatiale*, 482 U.S. at 542. (The delay is certainly not a product of Skyline's reasonable decision to oppose the motion, as PilePro ridiculously suggests. (PilePro's Reply 5).) Although not raised by PilePro, the fact that the Court granted its request to substitute counsel in November 2014 (Docket No. 129) is no excuse, as the Court repeatedly cautioned that any substitution of counsel could not be used to justify delay. (Sept. 23, 2014 Hr'g Tr. at 78:23-79:13). And in light of the short time remaining in fact discovery, the delay that would result if the Court granted PilePro's request is far from

3

"speculative," as PilePro argues (PilePro's Reply 5) — instead, it is close to certain. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 278 F.R.D. 51, 53 (E.D.N.Y. 2010) ("[T]he outcome of a request pursuant to the Convention is by no means certain, and making the request will undeniably result in delays of unknown, and perhaps considerable, duration.").

Finally, PilePro has not made a showing that the information it seeks — regarding the HZM System's manufacturing process — could not be obtained through other, more efficient means, *see, e.g., Madanes,* 199 F.R.D. at 141; in fact, in opposing Skyline's motion for partial summary judgment, PilePro asserts that its principal Roberto Wendt has the professional experience and expertise to glean at least some of the relevant information regarding the HZM System's manufacturing process from a visual inspection alone. (Docket No. 141 ("PilePro's Summ. J. Opp'n") 5). Accordingly, and for the reasons stated above, PilePro's application is DENIED. *See Gucci Am., Inc. v. Weixing Li*, No. 10-CV-4974 (RJS), 2012 WL 5992142, at *8 n.4 (S.D.N.Y. Nov. 15, 2012), *rev'd on other grounds*, 768 F.3d 122 (2d Cir. 2014) (declining to issue a Letter of Request because the the window of time in which to seek it had "long since closed" and the "request smack[ed] of gamesmanship designed to further delay discovery").

SO ORDERED.

Date: January 28, 2015
New York, New York

JESSE M. FURMAN
United States District Judge

4