UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
:
SKYLINE STEEL, LLC,                   :
                                      :   Civil Action No. 13 Civ. 8171 (JMF)
            Plaintiff,                :
                                      :   JURY TRIAL REQUESTED
v.                                    :
                                      :
PILEPRO, LLC,                         :
                                      :
            Defendant.                :
                                      :
---------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF MASCHOFF BRENNAN'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT PILEPRO, LLC

Larry R. Laycock, David R. Wright, Tyson K. Hottinger, and Bret D. Tingey of the firm Maschoff Brennan Laycock Gilmore Israelsen & Wright, PLLC (collectively, "Maschoff Brennan") submit this Memorandum of Law in support of their Motion for Leave to Withdraw as Counsel of Record for Defendant PilePro, LLC ("PilePro").

## I.   INTRODUCTION

This case was filed on November 15, 2013 by Skyline Steel, LLC ("Skyline") relating to PilePro's alleged conduct involving United States Patent Number 8,556,543 (the "'543 patent"). Eleven months after the inception of this case, PilePro's previous counsel withdrew from the case because of PilePro's failure to pay legal fees and costs, and PilePro engaged the law firm of Shumway Van & Hansen to act as lead counsel in this case. Shumway Van & Hansen is still acting as lead counsel in this case (ECF No. 99) and it has been actively representing PilePro in this matter.  After Shumway Van &

Hansen became lead counsel, the named attorneys for Maschoff Brennan were retained to act as co-counsel and filed motions for admission *pro hac vice* on October 24, 2014 (ECF 108, ECF 109, ECF 110, and ECF 111), which were granted the same day.

On September 23, 2014, one month before Maschoff Brennan entered the case, the Court held a Markman Hearing and granted Skyline's request to file a motion for summary judgment before the conclusion of discovery. Skyline filed its motion for partial summary judgment on October 23, 2014 (ECF 102) according to the Court's ordered schedule which also set PilePro's opposition deadline as November 24, 2014. All of those deadlines were met even with the substitution of Shumway Van & Hansen and Maschoff Brennan.  Currently, the only upcoming item on the Court's scheduling order (ECF 024) is the close of discovery on March 28, 2015. The Court has not yet set a trial date.

Maschoff Brennan seeks to withdraw as counsel for PilePro because PilePro has failed to pay Maschoff Brennan's legal fees and costs according to the terms of the Engagement Agreement executed by PilePro on October 15, 2014. Tingey Declaration ¶¶ 4, 5. As part of the Engagement Agreement, PilePro agreed that Maschoff Brennan had the right to withdraw from its representation of PilePro if PilePro fails to make timely payments. *Id*. at ¶ 5. Maschoff Brennan now seeks leave of the court to exercise that right.

PilePro and lead counsel Shumway Van & Hansen were given notice of Maschoff Brennan's motion to withdraw and neither will oppose the withdrawal.  *Id*. at ¶ 7.

II.   ARGUMENT

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 1.4") governs attorneys' withdrawal:

1

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

When deciding on motions to withdraw, this District analyzes two factors: (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceeding. *Ashmore v. CGI Group, Inc.*, 11 Civ 8611 (AT), 2013 U.S. Dist. LEXIS 156953, 2013 WL 5863569 (S.D.N.Y. Oct. 30, 2013). PilePro's failure to pay for Maschoff Brennan's services and the fact that PilePro will continued to be represented by lead counsel Shumway Van & Hansen weigh in favor of granting this motion and permitting Maschoff Brennan to withdraw as counsel for PilePro.

**A.  Failure to Pay Attorney's Fees is a Satisfactory Reason for Withdrawal.**

Non-payment of attorney's fees is a valid basis for granting a motion to withdraw. *See* ECF 096, ECF 097, and ECF 129 (this Court granting Boies Schiller's motion to withdraw as counsel for PilePro for failure to pay attorney's fees); *McGuire v. Wilson*, 735 F.Supp. 83, 84–85 (S.D.N.Y.1990); *Hallmark Capital Corp. v. The Red Rose Collection, Inc.*, 96 Civ. 2839, 1997 WL 661146 (S.D.N.Y. Oct.21, 1997); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 CIV. 4920 (PKL), 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998).

Here, PilePro has paid only a negligible amount toward the balance owed to Maschoff Brennan and has provided no assurances that any amounts will be paid in the future.  Tingey Declaration ¶ 6. Maschoff Brennan should not be compelled to continue representation of PilePro *pro bono*.

2

### B. Allowing Maschoff Brennan to Withdraw Will Not Negatively Impact the Timing of the Proceeding.

Maschoff Brennan's withdrawal will not negatively impact the timing of the proceeding or prejudice PilePro or Skyline because PilePro will continue to be represented by lead counsel Shumway Van & Hansen and the next deadline in the case (fact discovery cut-off) is over two months away and no trial date has been set. "Where discovery in a case has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *Karimian v. Time Equities, Inc.*, No. 10 CIV. 3773 AKH JCF, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) (internal quotations omitted); *see also Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) ("[A]lthough the parties have already commenced discovery, it is not complete and the case is not presently scheduled for trial. Thus, granting the instant motion will not likely cause undue delay.")

Because a trial date has not been set, fact discovery has not yet closed, and much discovery has taken place in this case (including the deposition of Skyline), the granting of this motion will not cause prejudice or delay.

Maschoff Brennan is not asserting a lien over any documents related to the matters being litigated in this case. In fact, Shumway Van & Hansen has access to all documents related to the case and Maschoff Brennan agrees to cooperate in transferring any other files (although it is unaware of any such files) to Shumway Van & Hansen or any other law firm as directed by PilePro, as is necessary to avoid delay or prejudice.

Accordingly, Maschoff Brennan has satisfied the requirements under Local Rule 1.4 and its motion to withdraw as counsel for PilePro should be granted. If the Court requires additional or specific information relating to the basis for Maschoff Brennan's

3

motion to withdraw as counsel for PilePro, Maschoff Brennan would request leave of Court to file a supplemental declaration for *in camera* review.[1]

### III.  CONCLUSION

Based on the foregoing, Maschoff Brennan respectfully requests the Court grant its motion to withdraw as counsel for PilePro.

Dated:  January 29, 2015                    By: /s/ *Bret D. Tingey*

Larry R. Laycock
David R. Wright
Tyson K. Hottinger
Bret D. Tingey
MASCHOFF BRENNAN
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
&
20 Pacifica, Suite 1130
Irvine, California 92618

*Attorneys for Defendant and
Counterclaimant PilePro, LLC*

---

[1] "[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and . . . this method is viewed favorably by the courts." *Team Obsolete Ltd v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006); *see also Weinberger v. Provident Life & Cas. Ins. Co.*, No 97-cv-9262, 1998 U.S. Dist. LEXIS 19859 at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."); *Rophaiel v. Alken Murray Corp.*, 1997 U.S. Dist. LEXIS 23248, *1 (S.D.N.Y. Jan. 3, 1997) (ordering counsel "to file submissions with the Court for review in camera" for a motion to withdraw as counsel); *Harrison Conference Servs., Inc. v. Dolce Conference Servs., Inc.*, 806 F. Supp. 23, 25-26 (E.D.N.Y. 1992) (holding that withdrawing counsel's in camera submission of papers supporting motion to withdraw as counsel was proper).