UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
SKYLINE STEEL, LLC,                           :
                                              :   Civil Action No. 13 Civ. 8171 (JMF)
                       Plaintiff,             :
                                              :
v.                                            :
                                              :
PILEPRO, LLC,                                 :
                                              :
                       Defendant.             :
                                              :
---------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF SHUMWAY VAN & HANSEN'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT PILEPRO, LLC

Michael C. Van, Micah F. McBride, Robert T. Spjute, and Gregory W. Schulz and the firm of Shumway Van & Hansen (collectively, "**Shumway Van**") submit this Memorandum of Law in support of their motion for leave to withdraw as counsel to Defendant PilePro, LLC ("**PilePro**") in the above referenced case. For the reasons stated below, Shumway Van respectfully submits this motion for leave to withdraw.

### FACTS AND PROCEDURAL HISTORY

Shumway Van seeks leave of Court to withdraw as counsel for PilePro because PilePro has not paid Shumway Van's legal fees and litigation expenses in disregard of their fee agreement.[1] *See* Declaration of Michael C. Van, dated February 9, 2015 ("**Van Decl.**") at ¶¶ 5–6, attached hereto as **Exhibit A**. PilePro has been either unwilling or unable to provide written assurances, in addition to the disregarded fee agreement, that it will be able to pay the

---

[1] In addition to the patent litigation pending before this Court, Shumway Van has also been representing PilePro in three other pending matters: (1) PilePro, LLC, et al. v. Steelwall, GmbH, Case No. 12-cv-00829-SS (W.D. Tex); (2) Skyline, LLC v. PilePro, LLC, JAMS Arbitration Ref. #1425013730 (JAMS NYC); and (3) Skyline, LLC v. PilePro, LLC, et al., Case No. 13 CV 4930 (CCC) (D. N.J.). Van Decl. at ¶ _. PilePro has not made any payment to Shumway Van on any matter since December 15, 2014. As a result, Shumway Van is in the process of withdrawing from not only this case, but also the Other Matters.

outstanding attorney's fees and legal expenses currently owed to Shumway Van in this case or those that are expected to be incurred in the future. Van Decl. at ¶ 6.  Additionally, PilePro will not communicate with Shumway Van. Van Decl. at ¶ 7.

This case was filed on November 15, 2013 by Skyline Steel, LLC ("Skyline") relating to PilePro's alleged conduct involving United States Patent Number 8,556,543 (the "***543 patent***"). Eleven months after the inception of this case, PilePro's previous counsel withdrew from the case because of PilePro's failure to pay legal fees and costs, and PilePro engaged the law firm of Shumway Van to act as lead counsel in this case. After Shumway Van became lead counsel, Maschoff Brennan Laycock Gilmore Israelsen & Wright, PLLC ("***Maschoff Brennan***") was retained to act as co-counsel.

Currently, the only upcoming item on the Court's scheduling order (ECF No. 24) is the close of discovery on March 28, 2015. The Court has not yet set a trial date.

## ARGUMENT

### I. SHUMWAY VAN'S MOTION FOR LEAVE TO WITHDRAW SHOULD BE GRANTED BECAUSE PILEPRO HAS FAILED TO PAY ATTORNEY'S FEES AND THE WITHDRAWAL WILL NOT CAUSE PREJUDICE OR DELAY.

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York states that an attorney of record "may not withdraw from a case without leave of the Court granted by order." The local rules further provide that

> [s]uch an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

*Id.*  Courts in this district analyze two factors when considering a motion to withdraw:

(1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceeding. *Ashmore v. CGI Group, Inc.*, 2013 U.S. Dist. LEXIS 156953 (S.D.N.Y. Oct. 30, 2013). Both factors weigh in favor of granting Shumway Van's motion to withdraw as counsel for PilePro.

### *A. Shumway Van Has Established "Satisfactory Reasons" for Withdrawing Because PilePro Failed to Pay Attorney's Fees.*

It is well-established in the Southern District of New York that a client's non-payment of attorney's fees is a "satisfactory reason" for granting counsel's request to withdraw. *HCC, Inc. v. RH & M Mach. Co.*, No. 96 civ 4920, 1998 U.S. Dist. LEXIS 10977, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."). This Court has further held that a client's failure to pay legal fees owing to its attorneys "is a legitimate ground for granting counsel's motion to withdraw" because the Court cannot "force Plaintiff's counsel to proceed pro bono." *Cower v. Albany Law School of Union University*, 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, *16-17 (S.D.N.Y. July 8, 2005). Additionally, this Court grants a motion to withdraw when "a client deliberately disregards an agreement or obligation to the lawyers as to expenses or fees". Disciplinary Rule 2–110(C)(1)(f) of the Code of Professional Responsibility *quoted in Boyle v. Revici*, No. 83 CIV. 8997 (MJL), 1987 WL 28707, at *1 (S.D.N.Y. Dec. 16, 1987) ("defendants have owed them $25,000 for several months. . . even after repeated requests, the defendants have not been able to assure them that the $25,000 or amounts due for future work will be paid at any time. . . We agree with [withdrawing counsel] that the defendants have deliberately disregarded their obligation").

In this case, the Declaration of Michael C. Van demonstrates that there are "sufficient reasons" to warrant Shumway Van's withdrawal. Mr. Van's Declaration establishes that PilePro

has not paid legal fees or litigation expenses incurred in connection with this case since December 15, 2014. Van Decl. at ¶¶ 5–6. Mr. Van's Declaration further establishes that PilePro has not provided Shumway Van with written assurances that it will pay the currently outstanding invoices relating to this case or for invoice of work that will be beformed in the future. Van Decl. at ¶ 6. Furthermore, PilePro is no longer communicating with Shumway Van making it nearly impossible to properly prosecute this case on its behalf. Van Decl. at ¶ 7. Under these circumstances, Shumway Van should not be obligated to continue representing PilePro because it would force Shumway Van to do so pro bono and without communication from PilePro.

Therefore, Shumway Van has established "satisfactory reasons" for withdrawing and the Motion should be granted.

### B. Allowing Shumway Van to Withdraw Will Not Impact the Current Schedule Because Fact Discovery Has Not Closed and No Trial Date Has Been Set.

Shumway Van's withdrawal will not delay this matter or prejudice either PilePro or Skyline. The next deadline in the case—fact discovery closing—is over two months away and no trial date has been set. "Where discovery in a case has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *Karimian v. Time Equities*, Inc., No. 10 CIV. 3773 AKH JCF, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) (internal quotations omitted); see also *Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) ("[A]lthough the parties have already commenced discovery, it is not complete and the case is not presently scheduled for trial. Thus, granting the instant motion will not likely cause undue delay."). In this case, a trial date has not been set, fact discovery has not yet closed, and much discovery has already taken place, including the deposition of Skyline. As such, granting this Motion is unlikely to cause prejudice or delay.

Additionally, granting the Motion will not cause prejudice or delay because Shumway Van's co-counsel, Maschoff Brennan,[2] may still be in the case. As co-counsel, Maschoff Brennan has been actively involved in this litigation. Maschoff Brennan has filed: 1) PilePro's opposition to the summary judgment motion (ECF No. 141-145. 149); 2) PilePro's Rule 56(d) declaration seeking additional discovery regarding infringement (ECF No. 150); 3) PilePro's request to stay the patent portion of this case in favor of a reissue proceeding before the Patent Office (ECF No. 131-134 ); and 4) PilePro's Reply in support of its Motion to Amend or Correct its Answer (Dkt. 172). Maschoff Brennan attorneys also took all three Skyline depositions noticed in this case (Skyline's 30(b)(6), and the depositions of David Borger and Matt McLaughlin).  Maschoff Brennan is as familiar with the facts of this case as Shumway Van and could continue to represent PilePro in this matter without delay or prejudice.

Upon information and belief, PilePro is seeking new counsel to replace Shumway Van in the near future.  Shumway Van agrees to cooperate in transferring any files related to this case to any other law firm as directed by PilePro, as is necessary to avoid delay or prejudice.

Furthermore, Shumway Van is not asserting a lien over any documents related to the matters being litigated in this case. Accordingly, Shumway Van has satisfied the requirements under Local Rule 1.4 and its motion to withdraw as counsel for PilePro should be granted. If the Court should require additional or specific information relating to the basis for Shumway Van's motion to withdraw as counsel, Shumway Van would request leave of Court to file an ex parte supplemental declaration under seal.[3]

---

[2] Maschoff Brennan filed a motion to withdraw on January 29, 2015.

[3] "[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and . . . this method is viewed favorably by the courts." Team Obsolete Ltd v. A.H.R.M.A. Ltd., 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006); see also Weinberger v. Provident Life & Cas. Ins. Co., No 97-cv-9262, 1998 U.S. Dist. LEXIS 19859 at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."); Rophaiel v. Alken Murray Corp., 1997

**CONCLUSION**

Based on the foregoing, Shumway Van respectfully requests this Court grant the motion to withdraw as counsel for PilePro.

DATED: February 9, 2015

                                        SHUMWAY VAN & HANSEN

                                        By: /s/ Michael C. Van
                                              Michael C. Van
                                              8 East Broadway, Suite 550
                                              Salt Lake City, UT 84111
                                              Email: michael@shumwayvan.com

---

U.S. Dist. LEXIS 23248, *1 (S.D.N.Y. Jan. 3, 1997) (ordering counsel "to file submissions with the Court for review in camera" for a motion to withdraw as counsel); Harrison Conference Servs., Inc. v. Dolce Conference Servs., Inc., 806 F. Supp. 23, 25-26 (E.D.N.Y. 1992) (holding that withdrawing counsel's in camera submission of papers supporting motion to withdraw as counsel was proper).