```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/05/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SKYLINE STEEL, LLC,

                Plaintiff,

      -v-

PILEPRO, LLC,

                Defendant.
------------------------------------------------------------------X

13-CV-8171 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      This Memorandum Opinion and Order addresses motions to withdraw filed by two firms representing Defendant PilePro, LLC ("PilePro"). On January 29, 2015, Larry R. Laycock, David R. Wright, Tyson K. Hottinger, and Bret D. Tingey of the law firm of Maschoff Brennan Laycock Gilmore Israelsen & Wright, PLLC (collectively, "Maschoff Brennan") moved for leave to withdraw as counsel of record for PilePro, citing the failure of PilePro to pay Maschoff Brennan's legal fees and costs and a lack of communication between attorney and client. (Docket Nos. 197-98). On February 9, 2015, Michael C. Van, Micah F. McBride, Robert T. Spjute, and Gregory W. Schulz (collectively, "Shumway Van") also moved for leave to withdraw as counsel of record for PilePro, citing similar reasons. (Docket Nos. 205-06). Notably, Maschoff Brennan and Shumway Van are not PilePro's first attorneys in this case — or the first to seek withdrawal based on PilePro's failure to pay legal fees. Lee S. Wolosky, Douglass A. Mitchell, and Jonathan R. Knight of the law firm of Boies, Schiller & Flexner LLP represented PilePro for the first year of the case, until they were granted leave to withdraw by Order entered on November 7, 2014. (Docket No. 129).

Plaintiff Skyline Steel, LLC ("Skyline") opposed both motions, primarily on the ground that "the efficient and timely administration of this case would be threatened if PilePro's counsel are both allowed [to] withdraw," in part because PilePro had not yet obtained new counsel. (Docket No. 223, at 3). Given PilePro's track record, Skyline's concern that it would have trouble obtaining counsel was well founded. But PilePro appears to have accomplished the improbable: On March 2, 2015, Janet B. Linn of the law firm Bleakley Platt & Schmidt, LLP, entered a notice of appearance on PilePro's behalf. (Docket No. 236). And by letter filed yesterday, Maschoff Brennan advised the Court that PilePro had asked it to transfer all files relating to its representation of PilePro in this case to Ms. Linn, and that Maschoff Brennan has done so. (Docket No. 237).

This District's Local Rules provide that counsel can withdraw only with Court approval and that the Court may grant withdrawal "only upon a showing . . . of satisfactory reasons for withdrawal or displacement and the posture of the case . . . and whether or not the attorney is asserting a retaining or charging lien." S.D.N.Y. Local Civ. R. 1.4. Thus, when considering whether to grant a motion to withdraw under Rule 1.4, courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. With respect to the former, a party's "refusal to pay attorney's fees may constitute 'good cause' to withdraw. In most cases . . . , courts have permitted counsel to withdraw for lack of payment only where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (citation omitted) (citing *McGuire v. Woods*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990)). With respect to the latter, the Court must consider "the posture of the case," and whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir.

1999) (internal quotation marks omitted).

Weighing those considerations here, and mindful of the fact that Ms. Linn has entered a notice of appearance on PilePro's behalf, Maschoff Brennan's motion is GRANTED, as PilePro's failure to pay its fees or communicate with counsel provides good cause to withdraw and discovery is still ongoing.  For similar reasons, Shumway Van's motion is also GRANTED, except — in the interests of ensuring that there are no delays in completing fact discovery (and mindful that Shumway Van identified itself as lead counsel and filed its motion to withdraw after Maschoff Brennan had filed its motion) — it is not granted leave to withdraw until the close of fact discovery (currently set for March 27, 2015).  Between now and that date, Shumway Van shall take all necessary steps to assist Ms. Linn in completing fact discovery, and, more broadly, shall cooperate in promptly transferring any files related to this case to Ms. Linn.  (*See* Docket No. 206, at 5 (agreeing "to cooperate in transferring any files related to this case to any other law firm as directed by PilePro, as necessary to avoid delay or prejudice")).  Between that condition, and the fact that the Court must approve any application to extend the deadlines for discovery (which it is exceedingly unlikely to do in view of the fact that the parties have had nearly a year to complete fact discovery), the Court is confident that counsels' withdrawal will not materially affect the progress of this case.  (*See* Docket No. 129 (noting that the "will not allow the substitution of counsel to materially delay the proceedings")).

Skyline requests that, in the event counsels' motions to withdraw are granted, the Court retain jurisdiction over both firms for the purpose of any future motion for attorney's fees and costs under, among other statutes, 28 U.S.C. § 1927.  (Docket No. 223, at 7-8; Docket No. 202 at 5-7).  In response, Maschoff Brennan's and Shumway Van's sole argument is that any such motion would be without merit.  (Docket No. 221, at 2; Docket No. 227, at 7-8).  Although the

Court is inclined to agree that Skyline would face an uphill battle in bringing any such motion, Maschoff Brennan and Shumway Van cite no authority for the proposition that the merits (or lack thereof) of a prospective motion are a reason to decline to retain jurisdiction in these circumstances. Accordingly, out of an abundance of caution, the Court will retain jurisdiction over the firms for the purposes of adjudicating any request for fees related to Shumway Van's or Maschoff Brennan's conduct specifically — as opposed to PilePro's conduct generally — during this litigation, as many courts have done when faced with Rule 11 motions when granting motions to withdraw. *See, e.g.*, *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-CV-604 (CSH) (DFE), 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008) (retaining jurisdiction over sanctions claim notwithstanding attorneys' withdrawal from case); *cf. Gold v. The Last Experience*, No. 97-CV-1459 (JGK), 1999 WL 156005, at *4 (S.D.N.Y. Mar. 22, 1999) (granting attorney's motion to withdraw but noting that "[t]he withdrawal does not absolve [the attorney] of liability for Rule 11 sanctions").

**The Clerk of Court is directed to terminate Docket Nos. 197 and 205 and to terminate Larry R. Laycock, David R. Wright, Tyson K. Hottinger, and Bret D. Tingey as attorneys on the docket.** After the close of fact discovery, the Court will issue a separate order directing the Clerk of Court to terminate Michael C. Van, Micah F. McBride, Robert T. Spjute, and Gregory W. Schulz as attorneys.

SO ORDERED.

Dated: March 5, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge