UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/05/2015

SKYLINE STEEL, LLC,

                Plaintiff,

         -v-

PILEPRO, LLC,

           Defendant.

--------------------------------------------------------------------X

13-CV-8171 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

In this acrimonious patent litigation, general familiarity with which is assumed, Plaintiff Skyline Steel, LLC ("Skyline") moves to strike the Amended Answer of Defendant PilePro, LLC ("PilePro") or, in the alternative, to dismiss its counterclaims. In the alternative to its opposition to Skyline's motion, and in the event that the Court grants Skyline's motion to strike its Amended Answer, PilePro itself moves for leave of Court to file its Amended Answer and counterclaims. For the reasons that follow, Skyline's motion is GRANTED in part and DENIED in part, and PilePro's motion is DENIED as moot.

## BACKGROUND

The following facts — an overview of the relevant procedural history in this case and related litigation — is presented by way of background to the issues presented in these motions. On May 10, 2013, Skyline served a Demand for Arbitration on PilePro, along with PilePro Sales Corp., Inc. ("PilePro Sales") and PilePro Steel, LP (together, "PilePro Defendants"), seeking to commence an arbitration before JAMS (formerly known as "Judicial Arbitration and Mediation Services") in New York, New York. (Decl. Aldo A. Badini Supp. Skyline Steel, LLC's Mot. To

Strike or Dismiss (Docket No. 123) ("Badini Decl.") ¶ 3).  Skyline's Demand for Arbitration was made pursuant to an arbitration provision in a settlement agreement (the "Settlement Agreement") between the parties, which had been executed after PilePro and PilePro Sales sued Skyline for infringement of two of PilePro's patents, neither of which is implicated in this instant lawsuit.  (*Id.*; *id.*, Ex. C ("D.N.J. Compl.") ¶¶ 75-77, 88-89, 95).

In or about August 2013, Skyline learned of an allegedly unlawful exclusive dealing arrangement between PilePro and Plymouth Tube Company ("Plymouth"), and — taking the position that the Settlement Agreement and the arbitration provision contained therein were procured through fraud and anticompetitive conduct — filed a lawsuit in the United States District Court for the District of New Jersey against PilePro Defendants and Plymouth (the "New Jersey Action"), asserting claims based on unfair competition, antitrust violations, and patent infringement.  (Badini Decl. ¶ 12; *see* D.N.J. Compl.).  In response to Skyline's complaint in the New Jersey Action, PilePro moved to compel arbitration, arguing that the Settlement Agreement and its arbitration provision were still in effect.  (Badini Decl. ¶ 13; *id.*, Ex. D)  PilePro also moved to stay the New Jersey Action.  (Decl. Michael C. Van Supp. Pilepro, LLC's Opp'n Skyline Steel, LLC's Mot. To Strike or Dismiss (Docket No. 137) ("Van Decl."), Ex. 1 ("New Jersey Docket"), No. 25)  The district judge presiding over the New Jersey Action, the Honorable Claire C. Cecchi, has administratively terminated both of PilePro's motions pending further briefing on whether the New Jersey Action should be transferred to a district court in New York.  (New Jersey Docket No. 48)  PilePro has not yet filed an answer or any counterclaims against Skyline in the New Jersey Action.  (*See* New Jersey Docket).  *See also Skyline Steel, LLC v. PilePro LLC et al.*, 13-CV-4930 (CCC) (D.N.J.).

Meanwhile, on November 15, 2013, Skyline filed this lawsuit, initially seeking only a declaratory judgment against PilePro that Skyline did not infringe a separate patent owned by PilePro (the "'543 Patent") and that the '543 Patent is invalid.  (Docket No. 1).  On July 24, 2014, Skyline filed a Second Amended Complaint (the "Complaint") adding Lanham Act and state law claims relating to PilePro's allegedly unfair and anticompetitive business practices.  (Second Am. Compl. (Docket No. 58)).  PilePro then filed a motion to dismiss the Complaint's declaratory judgment claims on August 15, 2014, which the Court denied in an oral opinion on September 23, 2015.  (Docket Nos. 62, 83).  Seventeen days after the Court's ruling, on October 10, 2014, PilePro filed its Answer to the Complaint (Docket No. 93); twenty-one days thereafter, on October 31, 2014, PilePro filed its Amended Answer with six counterclaims against Skyline.  (Docket Nos. 119).

Thereafter, Skyline moved to strike PilePro's Amended Answer or, in the alternative, dismiss PilePro's newly asserted counterclaims, arguing that the answer and its counterclaims were untimely and that, pursuant to PilePro's own representations, "either PilePro's [counter]claims are arbitrable because of its interpretation of the arbitration clause of the Settlement Agreement, in which case they do not belong in any court; or they are not arbitrable and are compulsory counterclaims to the earlier-filed New Jersey litigation which deals with the same transactions and occurrences."  (Pl. Skyline Steel, LLC's Mot. To Strike or Dismiss Def. Pilepro, LLC's First Am. Answer & Countercls. Pls.' Second Am. Compl. (Docket No. 124) ("Pl.'s Strike Mem.") 6).  Plaintiff further requested that the Court sanction PilePro and its counsel based on its bad faith in filing late counterclaims that, in any event, do not belong in this Court.  (*Id.* at 8-10).  PilePro filed an opposition to Skyline's motion on November 18, 2014 and, on that same day, filed another motion requesting leave to file its Amended Answer with the

same counterclaims "in the alternative" to its opposition of Skyline's motion.  (Docket Nos. 136, 138).  Pursuant to the Court's order (Docket No. 140), the parties filed a consolidated opposition and reply to PilePro's motion to amend and PilePro's motion to stay the litigation pending reissue of the '543 Patent (on which the Court has since ruled (Docket No. 204)) (Docket Nos. 155, 172).

## DISCUSSION

### A.  Skyline's Motion To Strike PilePro's Amended Answer

Skyline first requests that the Court strike PilePro's entire Amended Answer and enter a default judgment against PilePro because, although the Amended Answer was filed as of right twenty-one days after the initial Answer to the Complaint pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, the initial Answer itself was filed *seventeen* days after the Court's denial of PilePro's motion to dismiss — three days after the deadline to do so under Rule 12(a)(4)(A).  (Pl.'s Strike Mem. 1-3).[1]  "[W]here a motion to strike an answer is based on untimeliness . . . such a motion properly arises under the Court's authority to enforce the deadline for filing an answer established by the Fed. R. Civ. P. 12(a)[] (and any relevant Local Rules of Practice)."  *Car-Freshner Co. v. Air Freshners, Inc.*, No. 10-CV-1491 (GTS) (DEP), 2012 WL 3294948, at *5 (N.D.N.Y. Aug. 10, 2012).  "Generally, such a motion is governed by the same standard that governs a motion to set aside an entry of default," *id.*, meaning that the Court must consider "(1) whether the default was willful; 2) whether [the delay in filing] would

---

[1]     Skyline asserts in its memorandum that PilePro's initial Answer was filed twenty-four days after the Court's decision on its motion to dismiss (Pl.'s Strike Mem. 1-2), but its math is incorrect — PilePro filed its answer on October 10, 2014, only seventeen days after the Court's decision on September 23, 2014.  Nevertheless, PilePro's Answer was still three days late, as Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure grants a party fourteen days to file a responsive pleading after the court denies a Rule 12 motion.

prejudice the adversary; and (3) whether a meritorious defense is presented," along with "[o]ther relevant equitable factors . . . for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result." *Gates v. Wilkinson*, No. 03-CV-763 (GLS), 2005 WL 3115826, at *1 (N.D.N.Y. Nov. 21, 2005) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). In weighing those factors, the Court must be mindful that "strong public policy favors resolving disputes on the merits," *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) (internal quotation marks omitted), and that, accordingly, "judgment by default is a drastic remedy to be applied only in extreme circumstances," *Alli v. Steward-Bowden*, No. 11-CV-4952 (PKC) (KNF), 2012 WL 3711581, at *3 (S.D.N.Y. Aug. 24, 2012).

The Court is troubled by PilePro's complete failure to explain — or even fully acknowledge — its delay in filing the initial Answer to the Complaint. (Def.'s Strike Mem. 6-7 (arguing that since "PilePro filed its Answer to the Second Amended Complaint . . . on October 10, 2014, and its amended answer on October 31, 2014," its "Amended Answer was appropriately filed as a matter of course"), 8 (referring to the three-day delay as "claimed" and "alleged")). Some courts have found that where "a party offers no good reason for the late filing of its answer," as here, "entry of default judgment against that party is appropriate." *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) (per curiam). Nevertheless, the Court declines to impose such a harsh remedy here for several reasons.

First, at least one court has held that, "[n]otwithstanding that some courts in this circuit consider the filing of a late answer analogous to a motion to vacate a default, that practice is not appropriate" where, as here, "no default was entered and the answer was filed prior to the instant motion." *Alli*, 2012 WL 3711581, at *3 (internal quotation marks and citation omitted). Second,

despite PilePro's failure to acknowledge its tardiness in filing the initial Answer, there is no indication that its three-day delay in filing was willful. *See Gravatt v. City of N.Y.*, No. 97-CV-0354 (RWS), 1997 WL 419955, at *3 (S.D.N.Y. July 28, 1997) ("Imprudent, inattentive, careless, or even negligent handling of a case, although not to be condoned, does not demonstrate willfulness." (internal quotation marks omitted)). Third, and perhaps most important, Skyline has not shown — or even alleged — any prejudice resulting from PilePro's three-day delay in filing its initial Answer to the Complaint, a delay that Skyline now attempts to use to strike the Amended Answer. In fact, Skyline did not even object to PilePro's late filing of its initial Answer until over three weeks later, after PilePro filed its Amended Answer — and filed counterclaims. Whether those *counterclaims* are properly before this Court is a matter the Court addresses below. But PilePro's three-day delay in filing an answer preceding the Amended Answer is insufficient for this Court to strike the Amended Answer in its entirety and enter a default judgment on Skyline's behalf. *See, e.g.*, *Panzella v. Cnty. of Nassau*, No. 13-CV-5640 (SJF) (SIL), 2015 WL 224967, at *1 (E.D.N.Y. Jan. 15, 2015) (declining to strike defendants' answer, apparently filed four months late, "given defendants' participation in this action and the strong public policy favoring resolving disputes on the merits" (internal quotation marks omitted)); *Scott v. WorldStarHipHop, Inc.*, No. 10-CV-9538 (PKC) (RLE), 2012 WL 5835232, at *1 (S.D.N.Y. Nov. 14, 2012) (declining to strike an answer filed three weeks later because, among other factors, "the delay did not cause significant prejudice to plaintiff"); *Candelaria v. Erickson*, No. 01-CV-8594 (LTS) (RLE), 2005 WL 1529566, at *11 (S.D.N.Y. June 28, 2005) (declining to strike the defendant's answer, finding "that the approximately three-month delay in answering Plaintiff's complaint did not cause Plaintiff significant prejudice").

**B.  Skyline's Request To Dismiss PilePro's Counterclaims**

Having determined that the Amended Answer should not be stricken in its entirety, the question remains whether the counterclaims asserted by PilePro in its Amended Answer are properly before this Court.  Skyline argues that PilePro's counterclaims are improper because, among other things, they are compulsory counterclaims to the New Jersey Action and hence must be filed in that Court.  (Pl.'s Mem. 5 n.2; Pl.'s Skyline Steel, LLC's Reply Mem. Law Further Supp. Mot. To Strike or Dismiss Def. PilePro, LLC's First Am. Answer & Countercls. Pl.'s Second Am. Compl. (Docket No. 153) ("Pl.'s Reply Mem.") 5-7).[2]  Under Rule 13(a) of the Federal Rules of Civil Procedure, a claim is considered compulsory if it "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a)(1).  "The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (internal quotation marks omitted); *see also Jones v. Ford Motor Credit Co*., 358 F.3d 205, 209 (2d Cir. 2004).[3]  In interpreting Rule 13(a), "this Circuit generally has taken a broad view, not

---

[2]        Skyline also argues that PilePro should not be able to assert its counterclaims in this action because PilePro has previously argued that the claims are subject to arbitration, and hence they cannot be heard in any court.  (Pl.'s Strike Mem. 6-7).  As neither party has filed a motion to compel arbitration, however, this issue need not and should not be decided now.

[3]        In arguing that PilePro's claims had to be brought in the New Jersey Action, Skyline relies on Third Circuit law.  (Pl.'s Reply Mem. 5 n.4).  In evaluating whether a claim before it would be compulsory in another federal district, however, the Second Circuit has applied its own law, and so the Court will apply Second Circuit law as well.  *See Adam,* 950 F.2d at 91-92 (applying its own law to determine whether counterclaims would have been compulsory in an earlier-filed action in the Eastern District of Michigan); *see also Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc*., 233 F.3d 697, 698-700 (2d Cir. 2000) (citing *Adam* in determining

requiring an absolute identity of factual backgrounds[,] but only a logical relationship between them." *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979) (internal quotation marks omitted); *see also Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 701 F. Supp. 2d 568, 588 (S.D.N.Y. 2010).

With that guidance in mind, the Court finds that PilePro's counterclaims in this action are compulsory counterclaims in the earlier-filed New Jersey Action.  In that action, Skyline asserts that the PilePro Defendants and Plymouth have conspired to engage in a wide-ranging scheme of fraud and anticompetitive conduct that has harmed Skyline's business, conduct that included filing sham litigation against Skyline and fraudulently procuring the Settlement Agreement with Skyline through that litigation.  (*See* D.N.J. Compl. ¶¶ 75-77, 88-89, 95, 233-37).  As a result, Skyline seeks, among other relief, "a declaration that the Settlement Agreement constitutes patent misuse and that the Settlement Agreement and all patents covered by the agreement are unenforceable"; "a declaration that the Settlement Agreement is unenforceable, invalid, and void as against public policy"; and "injunctive relief preventing and restraining PilePro from enforcing the Settlement Agreement."  (*Id.* ¶¶ 248-49, 252).  By contrast, PilePro's counterclaims in its Amended Answer are all predicated on the *validity* of the Settlement Agreement, in that they all seek to hold Skyline liable for alleged violations of its terms.

---

whether counterclaims were compulsory in an earlier Northern District of Illinois action).  In any event, the Third Circuit's interpretation of Rule 13(a) is substantially similar to the Second Circuit's, so the choice of law does not affect the analysis.  *See, e.g.*, *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389-90 (3d Cir. 2002) (in determining whether a counterclaim is compulsory, "there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim bears a logical relationship to an opposing party's claim . . . [A] logical relationship between claims exists where separate trials on each of the claims would involve a substantial duplication of effort and time by the parties and the courts." (internal quotation marks omitted)).

Accordingly, were this Court to allow PilePro's counterclaims to go forward, both this Court and the Court in the New Jersey Action would have to determine, as a key threshold matter, whether the Settlement Agreement is, in fact, valid — raising the possibility of inconsistent outcomes and a near certainty of duplicative efforts.

Courts have consistently found that counterclaims based on a contract are compulsory in actions relating to the same contract. *See, e.g.*, *MMZ Assocs., Inc. v. Gelco Corp.*, No. 06-CV-3414 (WHP), 2006 WL 3531429, at *3 (S.D.N.Y. Dec. 8, 2006) (finding that counterclaims related to the same contract were compulsory, and noting that "[w]henever two courts look at the same contract, differing interpretations are possible, even if not likely.  Even if both courts read the contract in the same way, one of them will have spent its time doing so unnecessarily." (internal quotation marks omitted)); *see also Adam,* 950 F.2d at 90, 93 (finding that claims for enforcement of a contract should have been filed as compulsory counterclaims to original claims seeking rescission of the contract on grounds that it was induced by fraud); *Bezuszka v. L.A. Models, Inc.*, No. 04-CV-7703 (NRB), 2006 WL 770526, at *19 (S.D.N.Y. Mar. 24, 2006) (finding that counterclaims arising out of the same contract as the earlier action were compulsory in the earlier action); *Bonadio v. E. Park Research, Inc.*, 220 F.R.D. 187, 189 (N.D.N.Y. 2003) (finding that claims were compulsory counterclaims in an earlier-filed action arising out of the same contract because allowing them to proceed "would be duplicative of the [other] action . . . and would be contrary to the purpose of Rule 13 which is preserving scarce judicial resources and preventing inconsistent judicial determination and verdicts on similar issues.").  A similar result is compelled in this case.  Ultimately, "[a]lthough this action and the [New Jersey] Action are not identical, combining the actions will serve the interest of judicial economy by preventing likely duplication of effort."  *MMZ Associates*, 2006 WL 3531429, at *3.

In arguing otherwise, PilePro insists that Skyline's current position regarding the relatedness of PilePro's counterclaims to the New Jersey Action is contrary to Skyline's representations to the Court in the New Jersey Action.  Specifically, in opposing the transfer of the New Jersey Action to a New York district court, Skyline argued that "while PilePro and Skyline are engaged in a patent infringement lawsuit in the Southern District of New York, this antitrust action would not be considered a 'related case' because, among other reasons, there are no overlapping issues and Plymouth is not a party to that litigation."  (Van Decl., Ex. 2 at 7; *see* Def.'s Strike Mem. 3-4).  The accusation of "inconsistency," however, is frivolous; indeed, if anything, Skyline's representations in the New Jersey Action support the conclusion that PilePro's counterclaims should have been brought there.  In the New Jersey Action, Skyline argued — correctly — that *its* claims in this Court were not related to its claims before the Court in New Jersey.  Its argument had nothing to do with whether Pilepro's *counterclaims* were related to the New Jersey Action — nor could it have, as Skyline filed its brief almost three months before PilePro filed its counterclaims.  (Van Decl., Ex. 2 at 9; *see* Docket No. 119).  Skyline's representations thus do not affect the Court's determination that PilePro's counterclaims before this Court are indeed compulsory counterclaims in the New Jersey Action.

When a party files claims in a later action that are compulsory counterclaims in an earlier-filed action, that party "technically has not violated Rule 13(a)," because "[n]othing in Rule 13 prevents the filing of a duplicative action [or counterclaim] instead of a compulsory counterclaim."  *Adam*, 950 F.2d at 93.  Nevertheless, such a practice "does contravene the purpose of the Rule in that it creates a multiplicity of actions, wastes judicial resources, and unduly burdens the litigation process."  *J. Lyons & Co. Ltd. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 490 (S.D.N.Y. 1995).  Accordingly, "[i]deally, once a court becomes aware that an action

on its docket involves a claim that should be a compulsory counterclaim in another pending

federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the

prior action."  6 C. Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Civ. § 1418 (3d ed.).  When

faced with duplicative litigation in an earlier-filed action, as here, "[t]he decision whether or not

to stay or dismiss a proceeding rests within a district judge's discretion."  *Adam*, 950 F.2d at 92.[4]

Here, PilePro has not yet filed its answer in the New Jersey Action, and — should the Court in

the New Jersey Action (or, in the event it is transferred, a court in New York) deny PilePro's

motion to compel arbitration — PilePro has not indicated that dismissing the claims here would

affect PilePro's rights to assert those same claims in an answer before that Court.  *Cf. Inforizons,*

*Inc. v. VED Software Servs., Inc.*, 204 F.R.D. 116, 120 (N.D. Ill. 2001) (electing to institute a

stay because "dismissal of this case could create an unwarranted risk of legal prejudice" if the

plaintiff then dismissed its own suit and the defendant was barred from re-filing the claims by a

statute of limitations).  Accordingly, PilePro's counterclaims are DISMISSED without prejudice

to PilePro refiling the counterclaims in the New Jersey Action.  *See Adam,* 950 F.2d at 94

---

[4]      Some courts have analyzed a court's discretion to dismiss or stay counterclaims that are
compulsory in a pending lawsuit under the "first-to-file" rule — the presumption that "where
there are two competing lawsuits, the first suit should have priority, absent the showing of
balance of convenience or special circumstances giving priority to the second," *First City Nat.*
*Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (internal quotation marks omitted).
*See Adam*, 950 F.2d at 92-94, see also *J. Lyons & Co*., 892 F. Supp. at 490.  The rule does not
apply (1) "when there are 'special circumstances,'" such as "manipulative or deceptive behavior
on the part of the first-filing plaintiff," *New York Marine & Gen. Ins.*, 599 F.3d at 112 (quoting
*Wausau*, 522 F.3d at 276); or (2) when the balance of convenience — determined using the same
factors considered in connection with motions to transfer venue — favors the second-filed
action, *see id*.  Even assuming that the Court need conduct such an analysis in this case, *see, e.g.*,
*Hollinee Corp. v. Weyher*, No. 91-CV-6855 (PKL), 1992 WL 110989, at *5, *9 (S.D.N.Y. May
4, 1992) (describing first-to-file principles in discussing compulsory counterclaims in another
action but staying claims without analyzing factors in test), the Court finds that the presumption
in favor of the earlier-filed action should hold, substantially for the reasons stated in Skyline's
brief opposing transfer of the New Jersey Action.  (*See* Van Decl., Ex. 2).

(remanding the case to the district court with instructions to dismiss the action because the plaintiff "stated on the record that he procedurally will not oppose the filing of counterclaims in the [earlier-filed] action"); *Bonadio*, 220 F.R.D. at 189 (dismissing counterclaims found to be compulsory in a pending action); *Donnkenny, Inc. v. Nadler*, 544 F. Supp. 166, 170 (S.D.N.Y. 1982) (noting that the court had discretion to "dismiss the claims before it without prejudice to an application to the [other court] for leave to set up the claims as counterclaims by amendment to the Answer therein").

## C.  Skyline's Request for Sanctions

Finally, Skyline requests that the Court exercise its inherent authority to impose sanctions on PilePro, contending that PilePro filed its Amended Answer in bad faith because it knew of the counterclaims long before they were filed and because PilePro itself has asserted that those same claims are subject to arbitration.  (Pls.' Strike Mem. 8-10).  "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.,* motivated by improper purposes such as harassment or delay."  *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks omitted).  The Second Circuit has "declined to uphold awards [of attorneys' fees] under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the lower courts."  *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012) (internal quotation marks omitted).  Applying those standards here, the Court declines to impose sanctions.

To be sure, since this case was filed in late 2013, PilePro has engaged in various tactics seemingly designed to delay the litigation.  (*See, e.g.*, Mem. Op. & Order (Docket No. 204) 3-4

(rejecting PilePro's motion to stay Skyline's claims of noninfringement and patent invalidity pending the Patent and Trademark Office's ("PTO") decision on PilePro's recently filed reissue application on the basis that it was "plainly tactically motivated to achieve either delay or a second bite at the apple," and citing examples of PilePro's dilatory tactics)).  Nevertheless, in order to impose sanctions in conjunction with PilePro's instant conduct, the Court must first find that its belated assertion of counterclaims found to be compulsory in the New Jersey Action was "entirely without color," meaning it "lack[ed] *any* legal or factual basis." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999) (internal quotation marks omitted).  Although the question is a close one, the Court cannot find that PilePro's counterclaims — or its three-day delay in filing the initial Answer — were "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose."  *Enmon*, 675 F.3d at 143 (internal quotation marks omitted); *see also Wilson*, 702 F.3d at 724 (reversing a district court's imposition of sanctions on plaintiff's co-counsel because it was "[un]reasonable to infer that [his] submission of opposition papers four days late was for reasons of harassment or delay or for other improper purposes." (internal quotation marks omitted)).  That PilePro knew it had grounds for its counterclaims as early as May 2013 — as evidenced by the fact that five of its counterclaims in this action are essentially copied from its response to Skyline's Demand for Arbitration (*see* Badini Decl. ¶¶ 7-11; Pl.'s Strike Mem. 4-6) — is troubling, but does not compel a finding of bad faith, as Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure entitles a party to amend its pleading as a matter of course within twenty-one days after serving it, and there is no evidence that PilePro deliberately refrained from asserting the counterclaims at previous stages of the litigation.  Accordingly, Skyline's request for sanctions is DENIED.

**CONCLUSION**

For the foregoing reasons, Skyline's motion to strike is GRANTED in part and DENIED in part.  Specifically, the Court will not strike PilePro's Amended Answer in its entirety, but does DISMISS PilePro's counterclaims without prejudice to re-filing those counterclaims in the New Jersey Action.  Given that decision, PilePro's motion (in the alternative) for leave to amend its Amended Answer to bring those counterclaims is DENIED as moot.

Finally, after submitting its Amended Answer, PilePro — upon request from Skyline — — asked that Exhibit A be stricken from the docket and that it be permitted to re-file it under seal because it contained "confidential pricing information."  (Docket No. 126).  The Court temporarily granted PilePro's request and held that it would rule on the propriety of PilePro's request in conjunction with its ruling on this motion (Docket No. 130).  Although the Court has since received Exhibit A itself, it has not received any briefing from the parties as to why the entire exhibit should be filed under seal, apart from Skyline's two-paragraph reference to Exhibit A in its brief filed on November 7, 2014 (which notably indicates that PilePro filed the document at issue in *redacted* form in other litigation).  (Docket No. 127, at 2-3).  Accordingly, within **two weeks** of the date of this Order, any party that wishes to have Exhibit A filed under seal or in redacted form shall file a letter brief not to exceed five pages addressing the propriety of sealing or redacting the exhibit in light of the presumption in favor of public access.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Before submitting any such brief, the parties are advised to consult the Court's Order in connection with PilePro's proposed redactions to its consolidated reply to its motion to stay and motion to amend.  (Docket No. 226).

The Clerk of Court is directed to terminate Docket Nos. 122 and 138.


SO ORDERED.

Date:   March 5, 2015
        New York, New York

_____
JESSE M. FURMAN
United States District Judge