

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**ALDO A. BADINI**
PARTNER
(212) 294-4601
abadini@winston.com

WINSTON
&STRAWN
LLP   North America   Europe   Asia

April 10, 2015

**VIA ECF**
Hon. Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Skyline Steel, LLC v. PilePro, LLC*, No. 13-cv-8171 (JMF): **Request for Expedited Discovery Relief Given Deposition and Briefing Schedule**

Dear Judge Furman:

We write pursuant to this Court's Individual Rules and Local Rule 37.2 with respect to PilePro's waiver of the attorney-client privilege. To the extent there was any doubt before, recent actions by PilePro's counsel reinforce the conclusion that this Court's waiver opinion should extend not only to the prosecution, enforcement and infringement of other members of the '543 Patent family, but to the '543 Patent itself. *See Memorandum Opinion and Order*, ECF No. 204 at 6-8. Skyline has met and conferred with PilePro since March 18, 2015 on these issues, but the parties have not been able to reach any agreement.

**Argument**

As this Court has already found, "[t]he attorney-client privilege cannot at once be used as a shield and sword. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)." ECF No. 204 at 6-7. A party can waive the attorney client privilege by eliciting testimony which discloses the privileged communication. *See, e.g., Ampa Ltd. v. Kentfield Capital LLC*, No. 00 Civ. 0508 NRB AJP, 2000 WL 115860 (S.D.N.Y. Aug. 16, 2000), just as it may waive the privilege by relying on the advice of counsel. *E.g., A&E Prods. Group, L.P. v. Mainetti USA Inc.*, No. 01 Civ. 10820(RPP), 2004 WL 895699, at *1 (S.D.N.Y. Apr. 27, 2004); *see also Pall Corp. v. Cuno Incorporated*, 268 F.R.D. 167 (E.D.N.Y. 2010). PilePro has done both.

I.    **PilePro Waived the Privilege When It Elicited Testimony Concerning Communications With Outside Counsel.**

During the recent deposition of former PilePro employee, Gerry McShane, PilePro elicited testimony concerning privileged communications between PilePro and its counsel regarding: (1) PilePro's decision to assert that Skyline and its customers were infringing the '543 patent; (2) counsel's conclusion that PilePro's infringement accusations were unfounded; (3) PilePro's decision to send letters


warning of infringement; and (4) PilePro's posting of the Infringement Warning on its website. Mr. McShane's deposition took place over three different days, and counsel for Skyline (giving PilePro the benefit of the doubt on the scope of the waiver) took pains during his initial examination not to seek to elicit attorney-client communications concerning the '543 patent. Indeed, during Skyline's initial examination counsel for PilePro raised the specter of the attorney-client privilege on a number of occasions to limit testimony in response to Skyline's questioning. *See* Ex. 1 at 118:7-12, 120:3-7, 129:25-130:20, 175:18-177:12. By contrast, as set forth below, during her examination of Mr. McShane, counsel for PilePro asked questions about Mr. McShane's communications with counsel and thus opened the door to all inquiry on the same subject matter.

Specifically, on the first day of his deposition, *PilePro's counsel* asked Mr. McShane questions about the infringement letters PilePro sent to Skyline's existing and potential customers at a time when Mr. McShane worked for PilePro:



*Id.* at 292:12-295:15.[2]

---

[1] This very question, seeking communications by a represented party to his counsel for purposes of obtaining legal advice, seeks disclosure of core attorney-client communications. *E.g.*, *In re County of Erie*, 475 F.3d 413, 419 (2d. Cir. 2007).

[2] Upon follow up examination by Skyline's counsel (over strenuous objection from PilePro's counsel),

x. 1 at 302:3-14

*Id.* at 300:3-12.


On the second day of testimony, *PilePro's counsel* again voluntarily waived the attorney-client privilege when it asked Mr. McShane to explain why PilePro changed the language in the infringement letters. Ex. 2 at 103:23-104:13. *PilePro's counsel* similarly waived the privilege on the third and final day of Mr. McShane's deposition. Ex. 3 at 188:9-21.

## II.   PilePro Also Waived the Privilege In Its Contention Interrogatory Responses When It Relied on Discussions With Counsel

PilePro again waived the privilege in its recent response to Contention Interrogatories when it relied on "extensive discussions" with its German patent counsel, Frank Meier and consultations with "Mr. Meier, and attorney Douglas Mitchell and Dwight Williams regarding the language of the [infringement] letters" sent to Skyline's existing and prospective clients. *See* "Defendant PilePro LLC's Response to Plaintiff's Contention Interrogatories" at 12-13.[3] PilePro also stated that its "understanding of the similarity between the '543 patent and the German patent was based on numerous discussions with [] German patent attorney, Frank Meier." *Id.* This was an about-face from PilePro's previous position. As pointed out in Skyline's Summary Judgment papers, in PilePro's 30(b)(6) deposition PilePro's counsel waived the privilege with respect to discussions PilePro had with counsel with respect to the *German* counterpart to the '543 Patent, but blocked testimony with respect to any discussions PilePro had with Mr. Meier with respect to the '543 Patent itself. ECF Nos. 103 at 16; 104 at ¶ 26. Therefore, Skyline was denied the benefit of this testimony during summary judgment briefing. PilePro's belated attempt to rely now on discussions with counsel with respect to the '543 Patent itself is inequitable and completes the waiver to the extent the subject was not fully waived before.

PilePro cannot claim that it relied on discussions with and the advice of counsel while refusing to turn over dozens of documents on its privilege log, as it has, on the basis that such discussions are privileged. The scope of the waiver is defined by the subject matter of the communications, not the identity of the counsel involved in those communications. Accordingly, PilePro has waived the attorney-client privilege with respect to all communications with any of its counsel, at any time, concerning the prosecution, enforcement and infringement of the '543 patent. Moreover, the waiver of those communications extends to PilePro's understanding of the infringement issue at the time it sent the infringement letters to Skyline's existing and prospective clients and when it posted the Infringement Warning to the www.isheetpile.com website.

**Conclusion**

For the foregoing reasons, Skyline respectfully requests that this Court find that PilePro has waived any applicable privileges with respect to communications it had with counsel concerning the prosecution, enforcement and infringement of the '543 patent and that PilePro be required to produce all documents which are within the scope of such waiver. Skyline reserves the right to seek testimony, as appropriate, upon examination of the produced documents.

---

[3]  A copy of relevant excerpts from PilePro's Response to Skyline's Contention Interrogatories is attached hereto as Exhibit 4.



Respectfully submitted,

Aldo A. Badini

Winston & Strawn LLP


cc:    Janet B. Linn, Esq. (via ECF)
       Justin M. Gardner, Esq. (via ECF)