UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SKYLINE STEEL, LLC,

                Plaintiff,

v.

PILEPRO, LLC,

                Defendant.

Civil Action No. 13 Civ. 8171 (JMF)

JURY TRIAL REQUESTED

---

# DECLARATION OF ALDO A. BADINI IN FURTHER SUPPORT OF AWARD OF ATTORNEYS' FEES AND COSTS IN CONNECTION WITH MOTION FOR SPOLIATION SANCTIONS

Aldo A. Badini, under penalty of perjury, hereby declares as follows:

1. I am a Partner with the law firm of Winston & Strawn LLP, counsel for Plaintiff Skyline Steel, LLC ("Skyline") in the above-titled action, and am admitted to practice before this Court.

2. I am familiar with the facts of this case and make this declaration in further support of Plaintiff Skyline Steel LLC's application for attorneys' fees and costs incurred in connection with Skyline's Motion for Spoliation Sanctions (ECF No. 169).

3. On April 24, 2015, this Court awarded Skyline "its fees and expenses incurred in prosecuting this motion for sanctions." (ECF No. 299). I submit this declaration, as ordered by the Court, to set forth the amount of those attorneys' fees and costs.

4. As an initial matter, I would note that my firm has made a substantial accommodation to Skyline with respect to the hourly rates it is being charged. For example, my

standard hourly rate was ▇▇▇ in 2014 and ▇▇▇ in 2015.[1] However, my hourly rate for this matter was $882.00 in 2014 and $908.00 in 2015. The billing rates for the other attorneys and paralegals working on this matter were also substantially reduced as follows, with the standard rate shown in parentheses following the actually billed hourly rate:

| Individual | Title | 2014 Hourly Rate | 2015 Hourly Rate |
| --- | --- | --- | --- |
| Merritt D. Johnson | Partner | $643 ▇▇ | |
| Christopher C. Costello | Senior E-Discovery Attorney | $550 ▇▇ | $568 ▇▇ |
| Jenna W. Logoluso | Associate | $475 ▇▇ | |
| Shawn R. Obi | Associate | $382 ▇▇ | |
| Frank S. Restagno | Associate | | $371 ▇▇ |
| Gloria D. Camisa | Paralegal | | $286 ▇▇ |

5. Attached as Exhibit 1 is a detailed list of the fees and disbursements incurred by Skyline in connection with the Motion for Spoliation Sanctions. This information is extracted from the firm billing system and is data generated in the ordinary course by my firm and shows, among other things, the attorney or paralegal providing the service, the date the service was provided, a description of the legal service, the number of hours spent, and the total amount actually billed to Skyline for such legal service. Skyline has paid all the indicated fees and disbursements through February 28, 2015 and has been billed for the remaining fees and costs.

6. In many cases, time entries by individuals were limited to tasks which are properly charged in their entirety to what the Court has called work "incurred in prosecuting this motion for sanctions." In those instances, no adjustment to the billed time entry was performed.

---

[1] Winston & Strawn LLP is on a January 31st Fiscal Year, so the 2015 rates did not begin to take effect until February 2015.

In other cases, time entries reflected time on projects relating to the case beyond those relating to the investigation of PilePro's spoliation of evidence; where that was the case I have instructed my colleague Mr. Costello to conservatively allocate the time between those other tasks and the spoliation task.[2] Thus, in the attached spreadsheet, the "Allocated Time" and "Allocated Value" columns are designed to reflect the amount of time in any particular time entry which is allocable to investigating PilePro's failure to preserve the page view information and the extent of the spoliation in this case. I have instructed Mr. Costello to err on the side of caution in allocating these amounts (that is, where there was any doubt, coming up with a lower allocation for spoliation matters) and understand that Mr. Costello has communicated directly with those involved in providing the services in order to arrive at the proper allocation.

7.  In Skyline's view, the "fees and expenses incurred in prosecuting this motion for sanctions" logically includes not only the time drafting the actual motion for sanctions, but also the preliminary discovery work which was necessary to establish the reasons for and extent of PilePro's spoliation. Recognizing that the Court may not agree with Skyline (or may agree with Skyline only in part) I have instructed that the spreadsheet of charged time and expenses include three separate categories: (1) time spent on the investigation of PilePro's spoliation, researching case law and drafting the motion; (2) an allocable portion of the preparation for and the taking of the depositions of Colin Strasser, Rule 30(b)(6) witness for Montrose Software LLC ("Montrose Software"); Karin Maake; and Gerry McShane; and (3) the allocable disbursements associated with categories (1) and (2).

8.  The deposition of Colin Strasser, the Managing Member of Montrose Software, the third-party software company that was hired by PilePro to redesign the www.isheetpile.com

---

[2] For the Court's convenience, we have highlighted the parts of the narrative entries that relate to the spoliation issues.

website, was necessary to determine what information about the number and identity of visitors to the website was available to PilePro at the time it decided to post the Infringement Warning, whether it was possible to determine which visitors viewed the Infringement Warning, how such information could have been preserved, and what efforts PilePro took vis-à-vis Montrose Software to preserve the this information.

9. Skyline was compelled to take the deposition of Karin Maake, the marketing consultant employed by PilePro and the individual who was responsible for interacting with Montrose Software and the other website developer PilePro asked to revamp the [www.isheetpile.com](www.isheetpile.com) website, to determine the extent to which PilePro asked Ms. Maake to preserve documents, and to explore the various attempts, or lack thereof, that PilePro made to preserve the page view documents. Notably, Ms. Maake was identified in various PilePro documents as the one who was responsible for requesting that the Infringement Warning be posted to the [www.isheetpile.com](www.isheetpile.com) website, and for exploring what page view data could have been preserved. Although Skyline counsel was forced to travel to Austin, Texas to conduct Ms. Maake's deposition, Skyline has not sought to recover any fees for time spent traveling to Ms. Maake's deposition.

10. Skyline was compelled to take Mr. McShane's deposition after PilePro sought to excuse its preservation failures by claiming that PilePro's outside counsel, Douglas Mitchell, had communications with Mr. McShane concerning preservation of page view data, and because Mr. McShane was the one monitoring Google Analytics for PilePro. Skyline concedes that Mr. McShane's deposition ended up being useful for other case issues and, therefore, has adjusted the allocated hours to reflect the time spent on spoliation-related issues only.

11. Although Mr. McShane was deposed over the course of three different days, the second day of his deposition was conducted pursuant to PilePro's cross-notice of deposition, and the third day involved questions from both parties. Skyline is not seeking to recover any fees and costs associated with the second and third days of Mr. McShane's deposition and, as indicated above, is seeking to recover only a fraction of the fees associated with the first day of Mr. McShane's deposition.

12. The legal fees associated with the investigation of PilePro's preservation failures and spoliation of the page view data and preparation of the motion include, among other things, researching the features of the various software programs utilized by PilePro to track page views—namely, Google Analytics and Papertrail; researching case law on PilePro's preservation obligations and the law in this Circuit on spoliation and appropriate remedies; drafting and filing the initial motion papers; reviewing and analyzing the opposition brief and the cases cited therein; drafting and filing the reply papers; reviewing and analyzing the Court's order requesting supplemental briefing; and drafting and filing the supplemental brief addressing the Court's questions concerning Ms. Maake and Montrose.

13. As set forth in Exhibit 1, Skyline has incurred the following fees and costs associated in connection with its investigation of PilePro's preservation failures and spoliation of page view data and the making of the Motion for Spoliation Sanctions:

| | |
|---|---|
| A. Investigation and Drafting: | $86,730.62 |
| B. Allocated Time Related to Taking Depositions | $38,768.40 |
| C. Allocated Disbursements | $12,925.29 |
| **Total:** | **$138,424.31** |

14.     Accordingly, in accordance with this Court's Order (ECF No. 299) Skyline seeks reimbursement of its costs and fees in the amount of $138,424.31.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       May 8, 2015

By: */s/ Aldo A. Badini*
    Aldo A. Badini