UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                   :

SKYLINE STEEL, LLC,                          :
                                                   :

                       Plaintiff,         :        13-CV-8171 (JMF)
                                                   :

             -v-                           :        MEMORANDUM OPINION
                                                   :         AND ORDER

PILEPRO, LLC,                           :
                                                   :

                        Defendant.      :
                                                   :
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/22/2015

JESSE M. FURMAN, United States District Judge:

      In this contentious patent litigation, Plaintiff Skyline Steel, LLC ("Skyline") asserts that

Defendant PilePro, LLC ("PilePro") waived attorney-client privilege at the eleventh hour of

discovery when, among other things, defense counsel elicited communications regarding a

former PilePro employee's conversations with former counsel at the employee's deposition.  On

that basis, Skyline moves to reopen discovery for a limited time.  For the reasons that follow,

Skyline's motion is granted and discovery is reopened on a limited basis.

      The parties' dispute regarding the attorney-client privilege arises in the context of

ongoing patent litigation before this Court, general familiarity with which is assumed.  To the

extent relevant here, Skyline's suit challenges several actions taken by PilePro related to a patent

PilePro owns (the "'543 Patent"), including its accusations that Skyline infringed the '543 Patent

through its distribution of other products (known as the "HZM System").  *See generally Skyline*

*Steel, LLC v. PilePro, LLC*, — F. Supp. 3d —, No. 13-CV-8171 (JMF), 2015 WL 1881114, at

*1-2 (S.D.N.Y. Apr. 24, 2015) ("*Skyline* Summ. J. Op.").  The Court has already held that

PilePro waived its attorney-client privilege with respect to a German patent obtained by PilePro

— one analogous to the '543 Patent and referred to at various points as part of the "'543 Patent family." *See Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), 2015 WL 556545, at *4 (S.D.N.Y. Feb. 9, 2015) ("*Skyline* Privilege Op.").

On April 13, 2015, Skyline filed a letter arguing that, based on recent actions, PilePro had waived attorney-client privilege not just with respect to the prosecution and enforcement of its German patent, but also with respect to the prosecution and enforcement of the '543 Patent itself. Most significantly, Skyline noted that in a deposition of former PilePro employee Gerry McShane, counsel for PilePro elicited attorney-client communications regarding the '543 Patent by, *inter alia*, asking McShane about his conversations with PilePro's former counsel before and after PilePro sent letters to its current and potential customers warning that the HZM System infringed the '543 Patent ("the Infringement Letters"). (Docket No. 285 ("Skyline's Apr. 13 Ltr.") at 1-2). Skyline asserted that PilePro had similarly waived its attorney-client privilege with respect to the '543 Patent in its then-recent responses to Skyline's contention interrogatories, in which PilePro indicated that (1) it had relied on "numerous discussions" with Frank Meier, its German patent counsel, in determining that the '543 Patent was substantially similar to its German patent, and (2) had consulted with Meier and other German counsel, along with previous counsel in this action, Douglas Mitchell and Dwight Williams, before sending out the Infringement Letters. (Skyline's Apr. 13 Ltr. at 3; *id.*, Ex. 4 at 11-13). After ruling on Skyline's motion for summary judgment and a subsequent motion for reconsideration, the Court granted both parties an opportunity to file supplemental submissions, which the Court has considered in ruling on Skyline's argument for waiver. (Docket Nos. 366, 371)

It is well established that "the attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). Accordingly, "a

waiver [of the privilege] may be implied in circumstances where it is called for in the interests of fairness." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008).  The "quintessential example" of such a waiver arises when a defendant "asserts an advice-of-counsel defense and is thereby deemed to have waived his attorney-client privilege with respect to the advice that he received." *Id.* (internal quotation marks omitted); *see also In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987) ("It has been established law for a hundred years that when the client waives the privilege by testifying about what transpired between her and her attorney, she cannot thereafter insist that the mouth of the attorney be shut.").  An implied waiver also occurs when "a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion," *In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (internal quotation marks omitted), including where a party "makes factual assertions, the truthfulness of which may be assessed only by an examination of the privileged communications or documents," *In re Omnicom Grp., Inc. Sec. Litig.*, 233 F.R.D. 400, 413 (S.D.N.Y. 2006) (internal quotation marks omitted).  And an express waiver will be found where "the holder of the privilege discloses or consents to disclosure of any significant part of a privileged communication to a third party or stranger to the attorney-client relationship." *Weizmann Inst. of Sci. v. Neschis*, No. 00-CV-7850 (RMB), 2004 WL 540480, at *3 (S.D.N.Y. Mar. 17, 2004). Once waiver is found, "[t]he widely applied standard for determining the scope of a waiver is that the waiver applies to all other communications relating to the same subject matter." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007) (internal quotation marks omitted).

Applying those standards here, the Court finds that PilePro waived its attorney-client privilege with respect to communications regarding the scope of the '543 Patent.  Most significantly, putting aside the voluntary admissions by McShane (who, PilePro asserts, is a

"disgruntled ex-employee" with his "own agenda" (Docket No. 289 ("PilePro's Apr. 15 Ltr.") 1,

3)), PilePro, through its own counsel, elicited testimony from McShane regarding conversations

he had had with counsel prior to sending out the Infringement Letters (*see* Skyline's Apr. 13 Ltr.

at 1-3). That is plainly a waiver. *See Inventio Ag v. Otis Elevator Co.*, No. 06-CV-5377 (CM),

2011 WL 3359705, at *2 (S.D.N.Y. June 23, 2011) (noting that the defendant would waive its

attorney-client privilege if it elicited testimony concerning "legal advice about the risk of

infringement and the validity of the patent"). That PilePro, in its latest submission (Docket No.

366 ("PilePro's Suppl. Ltr.")), claims that it does not intend to assert a formal advice-of-counsel

defense is of no moment. For one thing, it has repeatedly referenced conversations with counsel

in explaining the basis for its infringement accusations — including in opposing Skyline's

summary judgment motion, when it argued that its accusations of infringement against Skyline

were grounded in a good-faith belief that the HZM System infringed the '543 Patent. (*See*

PilePro's Apr. 15 Ltr., Ex. 5 at 4-5 (excerpting sections of PilePro's memorandum in opposition

to Skyline's motion)).[1] For another, a party need not explicitly invoke an advice of counsel

---

[1]     PilePro argues that Skyline's arguments for waiver are "an attempt to recast information that Skyline has had for months" and that, "[i]f Skyline thought there were waivers of attorney-client privilege based on such disclosures, Skyline could and should have raised them before fact discovery closed." (PilePro's Apr. 15 Ltr. 1). Although some of Skyline's arguments rest on disclosures (such as general references to conversations with counsel) that are similar to those made earlier in the litigation, PilePro repeatedly blocked testimony regarding the substance of conversations with counsel regarding the '543 Patent and its infringement — a course of action that PilePro reversed just before the close of discovery, when PilePro itself elicited that type of testimony. (*Compare* PilePro's Apr. 15 Ltr., Ex. 4 at 200-01, 203-04 (objecting to questions on the grounds of attorney-client privilege); *with* Skyline's Apr. 13 Ltr., Ex. 1 at 292-93 (asking McShane about conversations with counsel about allegations of infringement)). Accordingly, the Court finds that Skyline has demonstrated the "good cause" required to reopen discovery. *See* Fed. R. Civ. P. 16(b)(4). Moreover, while a party's delay in asserting the attorney-client privilege may forfeit a later-raised claim of privilege, *see, e.g.*, *Jacob v. Duane Reade, Inc.*, No. 11-CV-0160 (JMO) (THK), 2012 WL 651536, at *7 (S.D.N.Y. Feb. 28, 2012), PilePro does not cite any authority for a converse proposition — that by failing to timely raise *waiver* of the privilege, a party may forfeit its right to claim waiver in the future.

defense in order for a court to find waiver.  *See, e.g.*, *Johnson Matthey, Inc. v. Research Corp.*, No. 01-CV-8115 (MBM) (FM), 2002 WL 1728566, at *2 (S.D.N.Y. July 24, 2002) ("[E]ven if the privilege holder does not attempt to make use of the privileged communication, he may waive the privilege if he makes factual assertions the truth of which can only be assessed by examination of the privileged communication." (internal quotation marks omitted)).

At bottom, given that Skyline must prove that PilePro acted in bad faith with respect to the accusing activities remaining in this case — a claim that PilePro has both indirectly and directly sought to refute by referring to conversations with counsel — PilePro's actions, particularly its decision to elicit the substance of specific conversations that a former PilePro employee had with counsel, compel a finding of waiver here.  Put simply, PilePro "may not assert that it believed its conduct was lawful, and simultaneously claim privilege to block inquiry into the basis for the party's state of mind or belief."  *Arista Records LLC v. Lime Grp. LLC*, No. 06-CV-5936 (KMW), 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011).  Nor can it "be permitted, on the one hand, to argue that it acted in good faith and without an improper motive and then, on the other hand, to deny [Skyline] access to the advice given by counsel where that advice . . . played a substantial and significant role in formulating [its] actions."  *Pereira v. United Jersey Bank*, No. 94-CV-1565 (LAP), 1997 WL 773716, at *6 (S.D.N.Y. Dec. 11, 1997); *see also, e.g.*, *Garfinkle v. Arcata Nat'l Corp.*, 64 F.R.D. 688, 689 (S.D.N.Y. 1974) (noting that attorney-client privilege "may be waived if the privileged communication is injected as an issue in the case by the party which enjoys its protection"); *see generally In re Grand Jury Proceedings*, 219 F.3d 175, 183 (2d Cir. 2000) ("Whether fairness requires disclosure has been decided by the courts on a case-by-case basis, and depends primarily on the specific context in which the privilege is asserted.").  Accordingly, PilePro may not attempt to block disclosure of

communications with counsel regarding the scope of the '543 Patent — more specifically, what the patent did and did not cover and whether or not Skyline, through the HZM System or otherwise, was infringing — on the grounds of privilege.

In light of the foregoing, Skyline's motion to reopen discovery on a limited basis is GRANTED.  Specifically, the Court will reopen fact discovery for the limited purpose of discovery relating to PilePro's communications with counsel concerning the '543 Patent.  Such discovery shall be limited to no more than two depositions and a limited number of interrogatories and requests for the production of documents to be agreed upon by the parties. (If, after meeting and conferring in good faith, the parties cannot agree on the number of interrogatories and requests for production, they shall bring their dispute to the Court's attention no later than **August 5, 2015**.)  All fact discovery shall be completed by **September 2, 2015.** Skyline is reminded that any discovery requests must be limited to information that is otherwise discoverable and relevant to the few claims remaining in this case.

Further, any motions for summary judgment — or, in the event no motion is filed, the parties' pretrial submissions — shall be filed no later than thirty days after the extended close of fact discovery.  The parties are advised to consult the Court's Individual Rules and Practices in Civil Cases for information on the format and substance of required pretrial submissions.

Finally, PilePro and Skyline submitted many documents connected to Skyline's application in redacted form or under seal.  Any party wishing to keep any of those documents sealed or redacted shall file a letter brief, not to exceed five pages and no later than **August 5, 2015,** addressing the propriety of sealing or redacting the relevant documents in light of the presumption in favor of public access to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

SO ORDERED.

Date:   July 22, 2015
        New York, New York

JESSE M. FURMAN
United States District Judge