
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/27/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SKYLINE STEEL, LLC,                                                     :
                                                                        :
                             Plaintiff,                                 :      13-CV-8171 (JMF)
                                                                        :
             -v-                                                        :      MEMORANDUM OPINION
                                                                        :      AND ORDER
PILEPRO, LLC,                                                           :
                                                                        :
                             Defendant.                                 :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Skyline Steel, LLC ("Skyline") moves for a writ attaching assets of Defendant PilePro, LLC ("PilePro) under Sections 6201 and 6212 of New York's Civil Practice Law and Rules ("CPLR"). Pointing to testimony in a proceeding in Texas between PilePro and one of its former counsel in this case, Skyline contends that PilePro either is or will shortly begin moving its headquarters and assets out of the country for the purpose, at least in part, of preventing Skyline from enforcing any judgment it may receive in this case. (Skyline's Mem. Law Supp. Mot. Writ Attachment & Turnover Order (Docket No. 387) ("Skyline Mem."); *see also* Skyline's Reply Mem. Supp. Mot. Writ Attachment & Turnover Order (Docket No. 401) ("Skyline Reply Mem.") 4). The Court, however, need not address PilePro's alleged intent to relocate out of the country because it concludes that Skyline fails to meet other prerequisites for securing a writ of attachment. Accordingly, for the reasons that follow, Skyline's motion is denied.[1]

---

[1]  Skyline also moved for a turnover order pursuant to Rule 69 of the Federal Rules of Civil Procedure and CPLR Section 5225 in connection with spoliation sanctions previously imposed by the Court. (Skyline Mem. 16-18). As Pilepro contends that it has since paid the sanction (Def. PilePro LLC's Opp'n Skyline LLC'c Mot. Attachment (Docket No. 396) ("PilePro Mem.")

This motion is but the latest twist in this long-running and heated dispute, familiarity with which is presumed. To the extent relevant here, the case involves two makers of sheet pile wall systems — "long structural wall sections with a vertical interlocking system that create[] a continuous wall that can be used to retain soil or water." *Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), — F. Supp. 3d —, 2015 WL 1881114, at *1 (S.D.N.Y. Apr. 24, 2015) (internal quotation marks omitted) ("*MSJ Op.*"). In particular, it concerns a sheet pile wall system patented by PilePro (the "'543 Patent") and a similar sheet pile wall system manufactured by Skyline known as the "HZM System," which PilePro contends infringes on the '543 patent. *See Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), 2015 WL 3739276, at *1 (S.D.N.Y. June 15, 2015). In response to the alleged infringement, PilePro sent letters to several of Skyline's potential customers — including one to the Madonna Construction Company ("Madonna"), which had already entered a contract with Skyline — stating that the HZM system infringed its patent and that it would seek to hold the customers liable for any damages to which it was entitled. *MSJ Op.*, 2015 WL 1881114, at *2, 7. PilePro also established a public website, www.isheetpile.com, on which it posted, among other things, a warning that the HZM System "infringes a U.S. Patent owned by PilePro, LLC." *Id.* at *2. (Skyline Mem. 9-10). Skyline responded with this lawsuit, seeking, among other things, a declaration that the HZM system does not infringe on PilePro's patents. By Opinion and Order entered April 24, 2015 (Docket No. 299), the Court granted summary judgment to Skyline on that issue.

Rule 64 of the Federal Rules of Civil Procedure provides that, in an action in federal court, "every remedy is available that, under the law of the state where the court is located,

---

1), and Skyline does not suggest otherwise (Skyline Reply Mem. 7), the request for a turnover order is denied as moot.

provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64.  As the parties appear to agree, Skyline's motion for attachment is thus governed by New York law.  The relevant New York statute, CPLR Section 6201, provides that "[a]n order of attachment may be granted in any action . . . where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants."  CPLR § 6201.  To receive a writ of attachment, a plaintiff must demonstrate — by affidavit or written evidence — "(1) that there is a cause of action, (2) that it is probable that the plaintiff will succeed on the merits, (3) that one or more grounds for attachment provided in Section 6201 exist, and (4) that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.'"  *In re Amaranth Natural Gas Commodities Litig.*, 711 F. Supp. 2d 301, 305 (S.D.N.Y. 2010) (quoting CPLR § 6212(a)); *see also Ally Bank v. Reimer*, No. 09-CV-2795 (ADS) (WDW), 2010 WL 446025, at *2 (E.D.N.Y. Jan. 29, 2010).  As relevant here, CPLR Section 6201(3) provides that attachment may be proper where "the defendant, with intent to defraud [its] creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts."

Significantly, Skyline "bears a heavy burden in attempting to establish its right to an attachment, because New York attachment statutes are construed strictly against those who seek to invoke the remedy."  *Ally Bank*, 2010 WL 446025, at *2 (internal quotation marks omitted); *accord Amaranth*, 711 F. Supp. 2d at 305; *see also Intelligent Digital Sys., LLC v. Visual Mgmt. Sys., Inc.*, 683 F. Supp. 2d 278, 287 (E.D.N.Y. 2010) (observing that the standard by which a party seeking an attachment must show a probability of success on the merits is "akin to that required to obtain injunctive relief").  "'Because attachment is a harsh remedy," the four

elements set forth in Section 6212(a) "are strictly construed in favor of those against whom attachment is sought.'" *Man Wei Shiu v. New Peking Taste Inc.*, No. 11-CV-1175 (NGG) (RLM), 2013 WL 2351370, at *16 (E.D.N.Y. May 28, 2013) (internal quotation marks omitted), *aff'd sub nom.*, *Man Wei Shiu v. Jung & Assoc. Law Office P.C.*, 559 F. App'x 105 (2d Cir. 2014) (summary order). Moreover, even where the statutory requirements for attachment are met, a court may nevertheless deny a writ of attachment where the movant has not established a need for the writ. *See Capital Ventures Int'l v. Republic of Argentina*, 443 F.3d 214, 221-22 (2d Cir. 2006); *see also, e.g.*, *Musket Corp. v. PDVSA Petroleo, S.A.*, 512 F. Supp. 2d 155, 160 (S.D.N.Y. 2007) ("[R]elief is discretionary, and since attachment is a harsh remedy, the court must exercise care in its application." (internal quotation marks omitted)).

Applying those standards here, the Court declines to grant a writ of attachment to Skyline for the simple reason that it has failed to establish, by affidavit or other competent written evidence, that there is a cause of action for a money judgment upon which it is likely to succeed on the merits. As an initial matter, the Court is skeptical that Skyline's stated intent to seek attorney's fees on the ground that this is an "exceptional case" within the meaning of Title 35, United States Code, Section 285 — however meritorious such an application might be — qualifies as a "cause of action" for purposes of CPLR Section 6212(a). For one thing, Skyline has not actually filed an application for fees under Section 285; it has merely stated that it intends to do so in the future.[2] For another, CPLR Section 6201 applies only where the movant states "a claim for a money judgment," *U.S. Fid. & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 923 (E.D.N.Y. 1999), and Section 285 is "a bad faith *equitable*

---

[2] In its memorandum of law, PilePro argues that any application under Section 285 would be untimely. (PilePro Mem. 8). The Court is skeptical of that argument, but need not address it here.

4

exception" to the American Rule on awarding fees to an alleged infringer," *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1373 (Fed. Cir. 2012) (emphasis added) (internal quotation marks omitted); *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, — U.S. —, 134 S. Ct. 1749, 1756 (2014) (stating that "[t]here is no precise rule or formula for making" the determinations required by Section 285, "but instead equitable discretion should be exercised in light of the considerations we have identified" (internal quotation marks omitted)). It would seem to follow that attachment is not available in connection with Skyline's anticipated application under Section 285. *See, e.g.*, *Ally Bank*, 2010 WL 446025, at *3-4 (denying a writ of attachment after concluding that "plaintiff has not stated a claim for money damages" and instead sought only equitable relief); *Trafalgar Power, Inc. v. Aetna Life Ins. Co.*, 131 F. Supp. 2d 341, 349 (N.D.N.Y. 2001) (holding that a claim for equitable relief does not satisfy the cause-of-action requirement because it is not a demand for a money judgment).

In any event, the Court need not definitively resolve that question because Skyline fails to adequately show a likelihood of success on the merits. To establish a "[p]robability of success on the merits for purposes of an order of attachment, . . . the moving party [must] demonstrate that it is more likely than not that it will succeed on its claims and must show proof stronger than that required to make a prima facie case." *Amaranth*, 711 F. Supp. 2d at 306 (internal quotation marks omitted). The movant must make that showing "by affidavit and such other written evidence as may be submitted." *Buy This, Inc. v. MCI Worldcom Commc'ns, Inc.*, 178 F. Supp. 2d 380, 382 (S.D.N.Y. 2001) (internal quotation marks omitted); *accord Ally Bank*, 2010 WL 446025, at *2. Here, Skyline does not even come close. Skyline did file an attorney affidavit in support of its motion (Decl. Aldo A. Badini Supp. Skyline Stell, LLC's Mot. Writ Attachment & Turnover Order (Docket No. 388)), but the affidavit is limited to identifying PilePro's assets and

steps PilePro has allegedly taken to relocate them; there is no affidavit on personal knowledge or other competent written evidence demonstrating a likelihood of success on the merits of any of the claims remaining in the case.  Nor are Skyline's unsworn memoranda much better: To the extent Skyline makes any attempt to show that its claims are adequately supported by any evidence, such attempt is largely limited to a single element (namely, whether PilePro's advertisements were literally false or made in bad faith) of a single claim (namely, false advertising under the Lanham Act).  (Skyline Mem. 7-12; Skyline Reply Mem. 1-3).  Skyline's memoranda do not even recite the elements of the other claims remaining in the case, and do little more than assert in conclusory fashion that Skyline "will be able" to prove all of the required elements of its claims and list actions allegedly taken by PilePro without explaining why the fact that PilePro took those actions suggests that Skyline will ultimately prevail.  (Skyline Mem. 11-12).  Put simply, such a half-hearted showing falls far short of the "affidavit[s] or other written evidence," CPLR § 6212(a), that are needed to justify the "drastic" and "harsh remedy" of attachment, *Man Wei Shiu*, 2013 WL 2351370, at *16.[3]

In short, the Court concludes that Skyline fails to show through competent evidence that it is likely to prevail on the merits of a claim that can serve as the basis for a writ of attachment pursuant to CPLR Section 6212(a).  In light of that conclusion, the Court "need . . . not pass on [6212(a)'s] other elements," *Buy This*, 178 F. Supp. 2d at 386, and Skyline's motion is DENIED.[4]

---

[3]     To the extent that Skyline assumes that the Court will consider its earlier filings in this case in connection with evaluating the likelihood of success on the merits, it is mistaken.  It is the responsibility of Skyline, not the Court, to sift the voluminous record in this case and marshal evidence in support of its claims.  Having failed to do so, it is not entitled to the relief it seeks.

[4]     Citing the protective order in this case and PilePro's designation of certain material as highly confidential, Skyline moved for leave to file its memoranda of law in redacted form (and to file unredacted copies under seal) and to file two exhibits under seal.  (Docket Nos. 389, 403).

The Clerk of Court is directed to terminate Docket No. 386.

SO ORDERED.

Date: August 27, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

By memorandum endorsement, the Court granted the initial motion on a temporary basis and ordered PilePro to address in its opposition memorandum of law the propriety of keeping the materials under seal and/or redacted if it wished to do so. (Docket No. 390). As PilePro did not address the issue, and the Court has previously made clear that "[t]he mere fact that information is subject to a confidentiality agreement between litigants . . . is not a valid basis in itself to overcome the presumption in favor of public access to judicial documents" (Docket No. 299, at 29-30; *accord* Docket No. 204, at 9), Skyline is ordered to file unredacted copies of its memoranda and the two exhibits by **August 31, 2015**.