UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SKYLINE STEEL, LLC,

                        Plaintiff,

        -v-

PILEPRO, LLC,

                        Defendant.
------------------------------------------------------------------------X

13-CV-8171 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      Approximately two months ago, the Court granted a motion filed by Plaintiff Skyline Steel, LLC ("Skyline") for civil contempt and sanctions, (Docket No. 627), based on the failure of Defendant PilePro, LLC ("PilePro") to comply with the terms of the permanent injunction that this Court entered on March 16, 2018, (Docket No. 605). On October 5, 2018, the Court ordered PilePro to pay Skyline $42,078.90 in attorney's fees and costs by October 26, 2018. (Docket No. 651). PilePro failed to do so. Skyline now moves, again, for civil contempt and sanctions. (Docket No. 670). That motion is GRANTED.

      The Court "has the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court or to compensate for losses or damages." *Powell v. Ward,* 643 F.2d 924, 931 (2d Cir. 1981) (internal quotation marks omitted). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645,

655 (2d Cir. 2004) (internal quotation marks omitted). Compensatory sanctions may include attorney's fees and other related costs where the contempt is willful. *See, e.g.*, *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d. Cir 1984). "[W]illful contempt is one where the 'contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply.'" *Bear U.S.A., Inc. v. Kim*, 71 F. Supp. 2d 237, 249 (S.D.N.Y. 1999).

There is no dispute that most of those requirements are met here: The Court's Order to pay $42,078.90 was clear and unambiguous; PilePro had actual notice of the Order, as its counsel (and one of its principals) was present in Court when the award was announced; there is no dispute that PilePro failed to comply with the Court's Order; and it has never sought to have it modified. In opposing Skyline's motion, the sole argument as to the contempt requirements advanced by the court-appointed liquidating trustee of PilePro (the "Trustee") is that PilePro has diligently attempted to comply in a reasonable manner. (Docket No. 680 ("Opp'n Mem."), at 2-3). In particular, the Trustee points to his own efforts since his appointment on October 23, 2018, "to fulfill his duties, including, without limitation, retaining counsel, informing parties to pending litigation of his appointment, evaluating the status of pending litigation and requesting copies of the LLC's financial books and records." (*Id.*). But that argument overlooks PilePro's failure to take any steps to comply with the Court's Order prior to October 23, 2018; the fact that PilePro has, since the Court's Order, been represented by the same counsel of record, Julio Ramos; and that it is PilePro's own diligence (or lack thereof), not the Trustee's, that matters. *See, e.g.*, *Close-up Int'l, Inc. v. Berov*, 474 F. App'x 790, 793 (2d Cir. 2012) ("A court may hold *a party* in civil contempt only if . . . *the defendant* has not been reasonably diligent and energetic in attempting to accomplish what was ordered." (emphases added)). Moreover, the Trustee cites

as part of the reason for his alleged inability to comply with the Court's Order the fact that he has thus far been "denied access to" PilePro's financial records. (Opp'n Mem. 1-2). It goes without saying that to accept PilePro's own lack of cooperation with the Trustee as a basis to find that it has "diligently attempted to comply" with the Court's Order "in a reasonable manner" would be absurd. *Paramedics Electromedicina Comercial, Ltda.*, 369 F.3d at 655.

For similar reasons, the Trustee's only other argument — that PilePro is unable to comply with the Court's Order — is without merit. (Opp'n Mem. 1-2 & n.4). To be sure, "[w]hen a party is absolutely unable to comply due to poverty or insolvency, inability to comply is a complete defense" to contempt. *SEC v. Musella*, 818 F. Supp. 600, 602 (S.D.N.Y. 1993). To avail itself of that defense, however, PilePro has to "com[e] forward with evidence showing financial inability to comply." *Id.* PilePro has failed to do so. Indeed, the Trustee submits no evidence whatsoever that PilePro *cannot* pay the relatively small sum it was ordered to pay, let alone that such inability is "due to poverty or insolvency." *Id.* Moreover, it is unlikely the Trustee could submit such proof, as PilePro apparently has the resources to pay Trustee counsel in this litigation and in a pending arbitration proceeding. Finally, the Trustee's claimed "inability" to comply is actually due to the lack of effective communication between PilePro and the Trustee, not PilePro's financial condition. (*See* Opp'n Mem. 1-2). Once again, however, PilePro may not cite circumstances of its own creation as a reason it cannot comply with the Court's Order.

Accordingly, contempt sanctions are warranted. Contempt sanctions "may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics Electromedicina Comercial, Ltda.*, 369 F.3d at 657. "To the extent that a contempt sanction is coercive," the Court has "broad discretion to design a remedy that

3

will bring about compliance." *Id.* When a fine "is compensatory in purpose," however, "the sanction should correspond at least to some degree with the amount of damages." *Id.* at 658. In light of those considerations, the Court orders PilePro to reimburse Skyline for all fees and costs relating to the present motion. *See, e.g.*, *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (noting that a finding of willfulness "strongly supports" granting reasonable attorney's fees and related costs, and as such, "a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation" of such costs to "the victim of contempt.").

In addition, **effective November 20, 2018**, for each day that PilePro fails to comply with the Court's Order of October 5, 2018, it shall pay a fine of $1000. The Court finds that such a fine is reasonable given the harm that Skyline stands to suffer from PilePro's continued noncompliance, PilePro's failure to present evidence showing a financial inability to pay, and the likelihood that a per-diem fine will compel PilePro to comply. *See, e.g.*, *Paramedics Electromedicina Comercial, Ltda.*, 369 F.3d at 657; *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57-58 (2d Cir. 1982) (affirming a coercive sanction of $5,000 per day against a "financially troubled" contemnor where such a fine was reasonably set in relation to the facts presented). As that portion of the contempt sanction is coercive rather than compensatory, PilePro shall pay any such fine to the Clerk of Court, not to Skyline itself. *See, e.g.*, *Paramedics Electromedicina Comercial, Ltda.*, 369 F.3d at 658; *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562, 567 (S.D.N.Y. 2001).

For the reasons explained above, Skyline's motion for contempt and sanctions is GRANTED. **No later than November 27, 2018**, Skyline shall file a letter brief addressing the amount of costs and attorney's fees it should be awarded as a result of the Court's decision,

4

supported by contemporaneous billing records, affidavits, and other appropriate documentation.

Any response to that letter brief shall be filed by **November 30, 2018**.

The Clerk of Court is directed to terminate Docket No. 670.

SO ORDERED.

Date: November 16, 2018
       New York, New York

_____
JESSE M. FURMAN
United States District Judge